881 F.2d 1069
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jerry GREEN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, United
States Department of Labor, Respondent.
 No. 88-3087.
 United States Court of Appeals, Fourth Circuit.
 Argued June 9, 1989.
Decided July 27, 1989.
 
 Michael Victor Marston (Rice, Rice, Gilbert & Marston on brief) for petitioner.
 Karen Nancy Blank (George R. Salem, Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits; Barbara J. Johnson, Counsel for Appellate Litigation, U.S. Department of Labor, Office of Solicitor on brief) for respondent.
 Before ERVIN, Chief Judge, and SPROUSE, Circuit Judge, and RICHARD L. VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Jerry Green appeals from a final order of the Benefits Review Board denying him benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. After administrative denials, an administrative law judge determined that Green, who was suffering from a disabling respiratory and pulmonary impairment, and had been employed in the Nation's coal mines from 1926 through 1944, was entitled to the interim presumption of compensable disability provided in 20 C.F.R. Sec. 727.203(a)(4), but that the presumption had been rebutted by the medical evidence. The Benefits Review Board affirmed the ALJ's findings and Green appeals. We affirm.
 
 
 2
 The medical evidence considered by the ALJ consisted of reports of pulmonary function studies, five sets of x-rays taken from 1977 through 1983, and the reports of two physicians. One set of x-rays was interpreted as "consistent with emphysema, no active infiltrate seen," another was interpreted as reflecting mild emphysema, and three were interpreted as negative for any pulmonary or respiratory condition. One of the physicians, Dr. Jeffrey Parker concluded "that the diagnosis of black lung disease cannot be met in this case.... I think the patient is totally and permanently disabled on the basis of emphysema. Black lung disease cannot be diagnosed at this time." The other reporting physician, Dr. Steven Lewis, basing his report on a physical examination, a pulmonary function study, an arterial blood gas study, and x-rays, diagnosed tuberculosis (healed), and indicated that the diagnosed condition was unrelated to coal mine employment dust exposure.
 
 
 3
 Since in our view substantial evidence supports the Board and the ALJ's determination that the Sec. 727.203(a)(4) presumption has been rebutted, the judgment of the district court is affirmed.
 
 
 4
 AFFIRMED.